SUSANNA B. JONES *v.* MINTER SOMERVILLE.

HUSBAND AND WIFE. *Rights of each in property of other.   Fraud.*

> Fraud on marital rights cannot be predicated of a voluntary conveyance by either husband or wife made to prevent the other from inheriting.

FROM the chancery court of Leflore county.
HON. A. McC. KIMBROUGH, Chancellor.

Mrs. Jones, appellant, was the complainant and Mrs. Somerville, appellee, was defendant in the court below. From a decree dismissing her bill the complainant appealed to the supreme court. The opinion of the court fully states the facts.

*A. A. Armistead*, for appellant.

Under the laws of this state, and most of the other states, a husband cannot disinherit his wife, either directly or indirectly. This is clearly shown by § 4496, code 1892, wherein power is given the wife to renounce the provisions made for her in the will of her husband if she be dissatisfied with the same, and by § 4497, code 1892, she takes the same interest as though the will was renounced, if there be no provision whatever made for her in the will.

In the case at bar there was provision made for the wife in the will, but the bill alleges that the will was renounced within the time and in the manner provided by law. Therefore the wife, appellant in this case, takes a child's part in the estate of her deceased husband, as provided in § 1549, code 1892, and there being only two children, the wife is entitled to a one-third interest in the estate of her deceased husband.

This contention is admitted by appellee, but it is claimed that while the husband cannot disinherit the wife, either directly or indirectly, he has the right of irrevocable, voluntary conveyance to a child of a former marriage, as in this case, to defeat his wife's inheritance in his estate. In other words, the contention is that a husband may do by deed, to take effect after his death, that which the statute positively prohibits him from doing by will.

It was not the intention of our statutes relating to the property of married women and abolishing dower, to destroy any right a wife had prior to the enactment of the statutes referred to, nor to take away any rights she may have had prior thereto. The law of this state, when it abolished dower and curtesy, actually increased the property rights of a wife, in that it posi-

tively forbid a husband from disinheriting her, either directly or indirectly. She has the same right to support out of her husband's estate and the same right to alimony under the present law as she had under the dower rule. Her rights were simply increased from a life estate in a third of her husband's real property which he owned at the time of his death, called dower, to a fee simple title of an equal distributive share with the other heirs of her husband.

How can it be said, then, that the case at bar is out of line with those cases which hold that a husband cannot voluntarily transfer his estate in order to defeat his wife's interest, when the old law gave her only a dower interest, and the new gives her a still greater interest ?

In the case of *Smith* v. *Smith*, 34 L. R. A., 49, the court will find a decision by the supreme court of California under a statute exactly like that of Mississippi, where "dower and curtesy" have been abolished. In this decision the court holds that "a fraud upon the rights of the wife is committed when the husband strips himself of all his property just before his death, by transferring all of his lands, to defeat the wife's right as his heir, reserving the full use and benefit of the property to the end of his own life." *Murray* v. *Murray*, 8 L. R. A., 95, 96; *Butler* v. *Butler*, 21 Kan., 521, s.c. 30 Am. Rep., 441; *Leach* v. *Duval*, 8 Bush (Ky.), 201; *Klien* v. *Klien*, 57 Pa. St., 120, s.c. 98 Am. Dec., 206; *Dogan* v. *Simmons*, 38 N. C., 487; *Youngs* v. *Carter*, 8 Hun, 199.

The true rule, as laid down by the authorities we have cited above, is that a husband can only make a voluntary conveyance of his property to his children by way of advancement, and then only to the extent of their interest in the estate.

*Rush & Gardiner*, for appellee.

The reporter has been unable to find the brief of counsel for the appellee; it has been lost from the record.

CALHOON, J., delivered the opinion of the court.

Mrs. Jones seeks cancellation of a voluntary conveyance made by her husband, S. B. Jones, a few months before his death, to the appellee, Mrs. Somerville, a daughter of a former marriage, by which he gave her real estate in value equal to about two-thirds of his entire fortune. This conveyance, the bill charges, was executed secretly, without the wife's knowledge, and held by the grantee, Mrs. Somerville, until a day or two after Mr. Jones died, when she filed it for record on the day of her father's funeral. This conveyance reserves to Mr. Jones, the grantor, the "possession, income and profits" of the land until his death ; he to pay the taxes and keep the plantation in repair. On the same day of the execution of this instrument, as the bill charges, Mr. Jones made his will, in which he refers to the conveyance, provides that it shall not be regarded as an advancement to Mrs. Somerville, and then gives all his remaining property, one-third to her, one-third to a daughter of his marriage to complainant, and one-third to complainant, his widow; the one-third to complainant, however, to determine at her death or marriage. Mrs. Jones renounces under the will. She charges that the conveyance was designed to be, and was, a fraud on her rights as wife. The bill was demurred to, the demurrer sustained, and Mrs. Jones appeals. Her contention is presented with signal ability, and has had our very careful consideration.

The question, sharply defined, is whether or not fraud on marital rights can be predicated of a voluntary conveyance by ether husband or wife, made with the purpose to prevent the other from inheriting. It is clear that fraud on a child could not be predicated of such an act, though done with design to prevent its inheriting. Is the wife in any better situation? In this state marital community property is unknown, dower and curtesy tenancies no longer exist, and absolute, independent and separate dominion over, and power of disposition of, property now pertain to each of the parties to the marriage. The

only feature in reference to the property of the husband or the wife in distinction from the property of any other person, is that each inherits from the other a child's part of everything owned at death, and, where there are no children or descendants of them, each inherits all, and, where a will is made not satisfactory, the survivor may renounce under it and take the distributive share as upon intestacy. Code, § 4496.

In 1848 the law as to realty gave the wife dower in what he died seized and possessed of, or had before conveyed without her relinquishment of dower. As to personalty, in case of the death of the husband intestate, it gave the widow a child's part, or, if no children, one-half. Hutchinson's code, p. 621. While that law prevailed, one Cameron executed a voluntary trust deed of his personal property to a trustee, to convey to two of his children at his death, but reserved in himself during his life the use, possession and control of the property, its proceeds and natural increase, and, if the children died before he did, the title to revest in him. On these facts, and on the attack of the wife, this court held the right to be in the husband to so dispose of his personalty, "and to thus cut off his widow from dower in such property," and that the widow had no such interest in the personalty as the husband could not destroy by such a deed, and that such a deed could not be regarded as a will, and could not be considered a fraud on her, notwithstanding the reservation of control in him during his life. *Cameron* v. *Cameron*, 10 Smed. & M., 394.

This case is conclusive of the case at bar. Its authority is in no way shaken by *Jiggitts* v. *Jiggitts*, 40 Miss., 718. The two cases perfectly consist. In the Jiggitts case, which concerned land, the then existing law gave the widow dower in lands, etc., "of which her husband died seized and possessed, or which he had before conveyed otherwise than in good faith and for a valuable consideration, and whereof said widow had not relinquished her right of dower," so that actual statutory property rights of the widow were under consideration, of

which fraud might, of course, be predicated, and the court held there was fraud, because of lack of valuable consideration, as prescribed by the statute. In that case, also, the deed was never delivered to the grantee, though, if it had been delivered, the result would have been the same.

Under the law now there is no marital interest, actual or inchoate, until the death of the spouse, in the ownership of the property, whether real or personal.

*Affirmed.*