McGhee v. Laurel Light & Railway Company.

[74 South, 434, Division A.]

DAMAGES. *Cutting shade trees. Nominal damages.*

Where defendant, through its agents and servants trespassed upon the property of plaintiff by going upon her property without her consent and cutting the timber of her ornamental shade trees standing thereon, this act constituted an invasion of the rights of plaintiff and renders defendant liable for nominal damages, even though no actual damages be shown.

APPEAL from the circuit court of Jones county.

Hon. PAUL B. JOHNSON, Judge.

Suit by Mrs. M. B. McGhee against the Laurel Light and Railway Company. From a judgment for defendant, plaintiff appeals.

Appellant brought suit against appellee for entering upon her premises and cutting the limbs from certain shade trees in her yard. Appellee claims that this was done in order to repair its wires which were strung on poles along the street in front of appellant's premises and could not be repaired without cutting certain limbs from appellant's trees. The only value the trees have is ornamental, and appellant sued both for actual and punitive damages. The case was submitted to a jury, who returned a verdict for the defendant, from which comes this appeal.

*Shannon & Shauber,* for appellant.

Counsel for appellee state in their brief that we should have asked the lower court for an instruction allowing the appellant nominal damages, and virtually conceding our assignment of error on the part of the lower court in refusing the first instruction asked for and on behalf of the appellant, which is in these words: "The court instructs the jury to find for the plaintiff,

and assess her damages at such an amount as is shown by the testimony to be actual damages done her property,'' yet if the court had granted this instruction, which it refused, it would have still been error for the court to have granted the third instruction it gave the appellee, which is in these words: ''The court instructs the jury for the defendant that before the plaintiff can recover any damages in this case, that the plaintiff must show by a preponderance of all the evidence in the case that the defendant, or its servants or agents, cut and destroyed the limbs of the trees on plaintiff's property, and further plaintiff must show that the cutting of the limbs of the said trees on plaintiff's property, actually damaged and injured said property, and if the jury do not so believe, then it is the sworn duty of the jury to return a verdict for the defendant.''

For counsel to admit that we were entitled to an instruction for nominal damages, and yet ask and receive from the court the above instruction is tantamount to admitting that the court erred in granting the appellee the last mentioned instruction and for which error on the part of the court we excepted, and now ask that the case be reversed and remanded.

One of the first legal principles that we learned was that private property could not be taken and given to another without the other being duly compensated. This principle is clearly and beautifully stated by Mr. Justice JOHN MARSHALL in the case of *Norman* v. *Heist,* 5 W. & S., page 171.

Counsel for appellee first assure us that the case of *Telephone Company* v. *Cassedy,* 78 Miss. 666, cited by us in our original briefs is not in point, yet they then inform us that the two instructions asked for and granted the appellee by the court, ''the first instruction follows almost *verbatim* the case of *Telephone Company* v. *Cassedy, supra,* in its definition of what must be shown in order to give punitive damages for

an injury to real property. Instruction number three is also drawn under the same case, and is almost identical with the first.''

The cream contained in the brief of counsel for appellee seems to have settled to the bottom rather than risen to the top, as counsel for appellee gives the astounding reason as to why this court should affirm this case, in the closing paragraph of their brief:

''We think that when a railroad company in Mississippi obtains the verdict of a jury in its favor, that it must have been obtained fairly, and that this court will not disturb that verdict, unless it is manifestly wrong.''

We respectfully ask that the case be reversed and remanded.

*Deavours & Hilbun,* for appellee.

The first instruction asked for by plaintiff was rightly refused, it being peremptory, for the simple reason that the jury had the right to take into consideration all the testimony, and if this instruction had been given, it would have taken from their consideration the very testimony that the jury believed, that is, that there was no damages done the plaintiff's property and that the cutting was an act of necessity, and that the public safety and convenience demanded it.

The case of *Clay* v. *Telegraph Company,* 70 Miss., page 406, cited by appellant's counsel, is clearly not in point here because there was a peremptory instruction given for the defendant in that case, and the court held on appeal that the jury should have passed on the questions of fact presented. The jury passed on the question of actual and punitive damages in the case at bar, and decided both against the appellant.

Appellant cites the case of *Telephone Company* v. *Cassedy,* 78 Miss. 666. That case is not in point. The plaintiff in that case absolutely forbade the cutting of

his trees and the telephone company slipped back after being refused permission, and cut the trees any way. That act evinced malice, wilfulness, and oppression. In this case it is different. The wires were there before the trees were, and the trees grew up under the wires and through them. Here the public needed light and power and not live wires lying around on the ground. The public safety was involved in the case at bar, whereas nothing but the convenience of a telephone company was involved in the case of *Telephone Company* v. *Cassedy*. That case, we think was rightly decided but we do not think it is in point with the case at bar.

Instruction number one for the defendant in the court below is complained of by the appellant. This instruction follows almost *verbatim* the case of *Telephone Company* v. *Cassidy,* cited by appellant, in its definition of what must be shown in order to give punitive damages for an injury to real property. Instruction number two is also drawn under that same case, and is almost identical with the first.

Appellant complains that instruction number 2 is erroneous. We submit that there must be some actual damage in order for the plaintiff to recover at all, even nominal damages. The appellant should have asked the court below to give them an instruction to the effect that if the jury thought the property was damaged, but not to any substantial amount, they should find for the plaintiff and assess nominal damages. This instruction for nominal damages was not asked by plaintiff.

Instruction number two asked for by the plaintiff and refused, the refusal of which is here complained of by the appellant, does not state the law. The jury had the right to consider the testimony to the effect that there was absolutely no damage done to the trees.

Holden, J., delivered the opinion of the court.

From the undisputed proof in the record it appears that the appellee, Laurel Light & Railway Company, through its agents and servants, trespassed upon the property of appellant by going upon her premises, without her consent, and cutting the limbs of her ornamental shade trees standing thereon. This act constituted an invasion of the rights of appellant, and renders appellee liable for nominal damages, even though no actual damages be shown. It is the invasion of the right which gives the cause of action. Therefore the lower court erred in granting to the appellee instruction No. 3, which reads as follows:

"The court instructs the jury for the defendant that, before the plaintiff can recover any damages in this case, the plaintiff must show by a preponderance of all the evidence in the case that the defendant, or its servants and agents, cut and destroyed the limbs of the trees on plaintiff's property, and further the plaintiff must show that the cutting of the limbs of the said trees on plaintiff's property actually damaged and injured said property, and, if the jury do not so believe, then it is the sworn duty of the jury to return a verdict for the defendant."

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*