## POYNER *v.* GILMORE *et al.*

(Division A.   Jan. 21, 1935.)

[158 So. 922.   No. 31537.]

Dean Belk, of Holly Springs, for appellant.

Lester G. Fant, Jr., of Holly Springs, for appellant.

A. M. Mitchell, of Pontotoc, for appellees.

Argued orally by **Dean Belk**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree dismissing an original bill of complaint. The bill alleges, in substance, that the appellant presented to the appellee, Gilmore, who is the chancery clerk of Pontotoc county, a claim for one thousand fifty-three dollars which she desired to probate against the estate of Mrs. Cynthia E. Harris, deceased, for services rendered the deceased during her last illness, which claim was itemized and sworn to by the appellant in accordance with the governing statute, and which Gilmore accepted and registered, but negligently failed to attach thereto his certificate setting forth that the claim was probated and allowed for one thousand fifty-three dollars, and registered, because of which the claim was disallowed by the chancery court in a proper proceeding. The clerk and his bondsmen were made defendants to the bill, and its prayer, in addition to the one of general relief, is for a decree against the appellees for one thousand fifty-three dollars, with interest thereon.

A demurrer to the bill was sustained, the grounds of which may be reduced to: (1) The complainant has a full, complete, and adequate remedy at law; (2) "that said bill shows on its face that the failure to endorse on said claim the words 'probated and allowed for $..... and registered this the ...... day of .....19...' was a judicial act for which, under the law defendants are not liable in damages;" (3) the bill contains no allegation that the administrator possessed or could have possessed money or property belonging to the decedent with which to pay the claim had it been properly probated.

The first of these grounds of demurrer is not here pressed, and no argument has been presented to us thereon. We will, therefore, express no opinion on it. On the

return of the case to the court below, that question, if the parties desire, may be raised by a motion to transfer to the circuit court.

The second of these grounds of demurrer presents a question of apparent, though not of real, difficulty. The office of the clerk of the chancery court is not a judicial office, though, under some circumstances, he discharges duties at least quasi judicial, subject to the approval of the chancery court. Sections 338, 340, Code 1930. The probating, allowing, and registering of claims against the estate are not such. Nor has any discretion been delegated to the clerk in the doing thereof. Whenever a claim against the estate of a decedent, to which an affidavit in accordance with section 1671, Code 1930, is attached, is presented to the clerk for probate, all he has to do is to compare the affidavit with the form prescribed therefor by the statute, and, if it complies therewith, it then becomes his mandatory duty to admit it to probate, evidencing that fact by the ministerial action of attaching his certificate thereto in the form provided by the statute, which is, ''probated and allowed for $......, and registered this ...... day of ......, A. D. .......'' While no inflexible rule can be laid down for determining in every case whether or not an act of a public officer is ministerial or judicial, ''The most important criterion, perhaps, is that the duty is one which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion. . . . That a necessity may exist for the ascertainment, from personal knowledge or by information derived from other sources, of those facts or conditions, upon the existence or fulfillment of which, the performance of the act becomes a clear and specific duty, does not operate to convert the act into one judicial in its nature. Such, it is

said, is not the judgment or discretion which is an essential element of judicial action. Thus a sheriff must determine whether process coming into his hands for service, is issued from a court of competent jurisdiction and is regular on its face, and a treasurer of public money must ascertain whether a warrant for its payment is drawn by such an officer and is in such a form that its payment becomes a duty; but the execution of the process and the payment of the warrant are ministerial acts." Mechem on Public Officers, sections 657 and 658; McNutt v. Livingston, 7 Smedes & M. 641; Flournoy v. City of Jeffersonville, 17 Ind. 169, 79 Am. Dec. 468 and note thereto.

The third of these grounds of demurrer is without merit, and it will not be necessary for us to determine whether the allegations of the bill are sufficient for the recovery of the amount of the claim attempted to be probated; for, aside from that, the appellant would be entitled to recover nominal damages. The bill discloses the violation of the appellant's legal right under section 1671, Code 1930; and for the violation of infringement on such a right the law permits damages, even though they may be merely nominal. 17 C. J., pp. 718, 720; Southern Ry. Co. v. Kendrick, 40 Miss. 390, 90 Am. Dec. 332; Hale on Damages, p. 29 et seq.; Sutherland on Damages (3 Ed.), vol. 1, sec. 9, vol. 2, sec. 490; McGhee v. Laurel Light & R. Co., 113 Miss. 603, 74 So. 434; Wm. Foerster & Co. v. Faulk-Christian Lumber Co., 105 Miss. 612, 62 So. 648.

Reversed and remanded.