BREWER *v.* UNIVERSAL CREDIT Co. *et al.*

(Division A. Feb. 12, 1940. Suggestion of Error Overruled March 25, 1940.)

[192 So. 902. No. 33927.]

**J. W. Conger,** of Winona, for appellant.

V. D. Rowe and H. T. Holmes, both of Winona, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On July 21, 1938, appellant purchased an automobile, paying cash $165, and for the balance of the purchase money, amounting to $396, he executed an installment purchase money conditional sales contract by which he agreed to pay the balance in monthly installments of $33 each, title retained until all payments made. This contract was assigned to appellee, Credit Company. After paying the August and September installments, appellant, being temporarily out of employment, became in arrears in the October and November installments. The Credit Company thereupon demanded possession of the vehicle, and there was an agreement made on November 24, 1938, between the Credit Company and appellant, to which agreement appellee Ellis was a party, that the automobile should be stored with the latter in Winona, in this State, for thirty days, appellant to pay the storage thereon, and that appellant should have that time within which to pay the two delinquent installments and thereupon receive his car. The car was at once stored under that agreement.

Within the thirty days, to-wit, on December 13, 1938, appellant appeared with the $66 for the two installments

then due and tendered same, but was informed, and the fact was, that Ellis had sold at private sale and delivered the automobile to a Miss Jacks, Ellis claiming that he had bought it outright from the Credit Company; and Ellis, as well as the Credit Company, declined to do anything whatever about a redelivery of the car to appellant or to recognize that appellant had any rights in the premises whatever. Appellant thereupon instituted an action of replevin against Miss Jacks, and the sheriff took possesion of the automobile under the writ, and pending the giving of the statutory bond by the plaintiff in replevin, the sheriff stored the property in the storerooms of appellee Ellis. Within the time allowed by law, appellant, as plaintiff in the replevin action, gave the replevin bond in the sum of $1,000, being double the value of the property, but appellee Ellis again refused to surrender possession until appellant had paid a bill of some fourteen dollars for repairs and supplies, some of which had been supplied to or for Miss Jacks while the automobile was in her use. None of these repairs had been made with appellant's consent, and most of them were unnecessary. An illustration of this may be seen in the fact that one item was "washing & polishing $3.00."

The car had been sold by Ellis to Miss Jacks for $350, part of which had been paid in cash, but when Miss Jacks discovered that she had bought a lawsuit and learned the accompanying facts, she immediately repudiated the transaction; her attitude was recognized by Ellis, and she received a return of what she had paid with a cancellation of any further obligations. In the replevin suit, appellee Credit Company thereafter appeared as claimant under its conditional sales contract, and there was a judgment rendered, fixing the value of the car at $500, and the claimant's interest therein at the balance due by appellant of $330 for the recovery of which, in the event the car should not be turned over to the claimant, the judgment was against appellant and his sureties on the replevin bond.

188

Soon after appellant regained possession of his automobile under the replevin bond, he instituted the present action for damages against Ellis and against the Credit Company, because of their having attempted to sell the automobile within the thirty-day period aforesaid, and their having delivered it into the use of the then vendee, and for the expenses incurred by appellant in its recovery, and for his loss of time thereinabout, for his loss of the use of the car while, after December 13, 1938, it was being withheld from him, and for punitive damages in addition to actual damages.

Upon the trial appellant made proof of the aforesaid facts, either directly or by reasonable inference to be drawn from the direct proof, but the court nevertheless gave a peremptory instruction for both the defendants.

We are not here called upon to discuss or decide the items or what particular items of damages appellant might have a right to recover, or whether an instruction allowing punitive damages would be proper. For, even if the plaintiff has the right to recover only nominal damages that would be enough to avoid a peremptory instruction. See cases cited, 17 C. J. pp. 720, 721, 724; 64 C. J. p. 389; and McGhee v. Laurel, etc., Co., 113 Miss. 603, 74 So. 434; Foerster v. Lumber Co., 105 Miss. 612, 62 So. 648.

Nearly all the argument in the briefs is directed to the question whether the agreement to hold in storage for thirty days, during which time appellant could get the car upon paying the two installments in arrears was binding upon appellees, it being their contention that the agreement was ineffectual for want of consideration. In their notice under their plea of the general issue appellees asserted that after possession had been taken by them on November 24, 1938, the day the agreement was made "the credit company became the owner in possession of said automobile with the right to dispose of same as it saw fit."

It was this attitude on the part of appellees that brought about the entire trouble in this case; and that it was an attitude contrary to the law is so well, and has been so long, settled in this state that a reference to the cases would be merely a repetition of what has already been over and affirmed. In Foundry Co. v. Pascagoula Ice Co., 72 Miss. 608, 615, 18 So. 364, it was said that the reservation of title by the seller of personal property until the payment of the purchase price is but as security and if the property is recovered by the seller, he must deal with it as security and with reference to the equitable rights of the purchaser, and the earlier cases to the same effect were cited. In Bankston v. Hill, 134 Miss. 288, 98 So. 689, 37 A. L. R. 88, it was again said of a contract of this character that upon default in payment of the stipulated price, the vendee's right of possession terminated and the vendor had the right to regain possession, not to convert it to his own use, but to deal with it as security and with due regard for the equitable rights of the vendee.

The conditional sales contract in this case is typical of such contracts in general use in this State, and in the several states. It contains a provision to the effect that upon default in an installment payment, the entire amount of the balance of the purchase price might be deemed to be thereupon due. This was a stipulation which the vendor might invoke if he deemed it to his interest, or he might waive it and elect to proceed to take possession, and hold, for the payment of the past due installments only. It was a right of the vendee, when possession was taken from him to be informed, on his request, whether the vendor was taking and would proceed for the entire amount of the balance of the purchase price, or whether only for the past due installments. This information is due to be given him so that if only the past due installments are being insisted upon, he could shape his immediate course of conduct so as to raise that amount and thereby regain possession of his

property, whereas if he were given to understand that the entire amount of the balance of the purchase was being demanded, his course could and in all probability would be altered so as to accommodate it to that demand, as, for instance, he could get out at once and get some friend or neighbor or relative to purchase or exchange the car, so as to save him from loss.

Here it is shown, in fact adjudicated in the replevin judgment, that this automobile was of the actual value of $500, yet appellees attempted to sell it at private sale within the thirty days for $350, whch was just enough to pay the balance due plus the few days' storage and the alleged repair and supply bill of about $14, and all this with the assertion that appellant was to lose the balance of $150 in value in his car without any opportunity furnished him by notice in the respects aforementioned so that he could endeavor to take care of his said interest, which he could have done, as is evidenced by the fact that he was able to give in due time a replevin bond in the sum of $1,000 for the recovery of the property.

We are, therefore, not concerned with the argument whether the agreement to hold the car for thirty days during which time appellant could have it back on the payment of the two installments of $33 each was an agreement supported by a valuable consideration, within the strict sense of that term. For the agreement did say to appellant that appellees were not electing to hold the car for the full amount of all the installments yet to be paid; it did say to him that he was required to pay within that time only the two installments; it did make that election, and it precluded an election, within that time, without notice to him, to proceed to enforce the full amount.

It was an agreement which was calculated to induce the promisee to expend his efforts to meet the two installments within the thirty days, and he did so, and was there with the money within the time specified. It was

calculated to induce him and did induce him not to expend his efforts in raising the full amount of the balance of all installments, as to which otherwise his course of action would in all probability have been different and effective to that particular end. Wherefore, there arises a situation proper for the application of the principle embodied in Section 90, Rest. Contracts, that ''A promise which the promisor should reasonably expect to induce action for forbearance of a definite or substantial character on the part of the promisee and which does induce such action and forbearance is binding if injustice can be avoided only by the enforcement of the promise,''—which is simply a concise statement of the modern doctrine of promissory estoppel. Lusk-Harbison-Jones v. Universal Credit Co., 164 Miss. 693, 698, 145 So. 623; 1 Williston on Contracts (Rev. Ed.) Secs. 139, 140; 19 Am. Jur. pp. 657-660; Fried v. Fisher, 328 Pa. 497, 196 Atl. 39, and the annotations thereto in 115 A. L. R. pp. 152-162.

When this court has said, as it has so often said that a conditional sales contract vendor shall deal with the property as security only and with due regard to the equitable rights of the purchaser, it has meant, and we repeat, that the vendor and his assignee shall, in respect to those rights, deal justly with the purchaser, especially as regards the power of private sale by the vendor after possession taken; and nothing but the statement of the facts is necessary to show that the assignee did not deal justly, and apparently had no intention to deal justly, with the purchaser in this case.

Reversed and remanded.