PEELER v. PEELER.

(In Banc. Jan. 14, 1946. Suggestion of Error Overruled Feb. 25, 1946.)

[24 So. (2d) 338. No. 35979.]

494

William G. Cavett, of Memphis, Tenn., for appellant.

Cunningham & Cunningham, of Booneville, for appellee.

498

Argued orally by **William G. Cavett**, for appellant, and by **Jas. A. Cunningham**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The trial court granted this interlocutory appeal to settle all of the controlling principles in the case. The decree appealed from is one overruling a motion of the complainant to strike the defendant's answer because of its alleged insufficiency in law to constitute a defense.

The appellant, George W. Peeler, filed the suit against his former wife, the appellee, Essie Peeler, to cancel as clouds upon his title to certain real estate in Prentiss County, consisting of two contiguous lots and the residence thereon in Booneville, Mississippi, first, a decree of the chancery court of said county rendered on April 13, 1940, awarding the said property to the wife as an allowance for her separate maintenance, and, second, a trustee's deed executed in favor of the wife on May 20, 1940, in the foreclosure of a deed of trust executed by the

husband and wife in favor of a local bank on the residence lot, but which indebtedness the wife alleged in her answer was that of the husband, she having signed the note and deed of trust merely as a waiver of her homestead right in the property.

The validity of the decree awarding all of said property to the wife is challenged in the present suit on the ground that the process on the husband was by publication for him as a nonresident; that he was not personally served with process and did not appear or file an answer, demurrer or other pleading, and that there was no seizure or attachment of the said real estate so as to give the court jurisdiction to award the same to the wife. The petition of the wife in that cause did not seek a personal decree against the nonresident defendant, but merely a adjudication of his ability and obligation to contribute to her separate maintenance after he had deserted her, and the fixation of a lien upon the property therefor; also, the petition contained a prayer for general relief.

The decree in this former proceeding merely adjudicated the husband's ability and obligation to pay a substantial amount for the support of the wife, and that the two lots and residence described in the petition were worth less than the amount to which the wife was entitled. It undertook to award the property to her in lieu of money for her support and maintenance instead of ordering the same sold to pay any amount adjudicated in her favor. The decree further found that the wife was in possession of this property in the exercise of her homestead right thereto, that she had surrendered it to the jurisdiction of the court or "brought it before the court." and then made the award of it to her subject to the said deed of trust in favor of the local bank at Booneville; and also subject to any and all claims against the estate of Mrs. Fashion Peeler, the mother of the appellant, George W. Peeler, for last illness and burial expenses which he had left unpaid, and which were en-

forceable against one of the lots and the residence which the appellant had inherited from his mother on April 10, 1939, as her sole heir-at-law.

In the case of Gallaspy's Sons Company v. Massey, 99 Miss. 208, 54 So. 805, 807, Ann. Cas. 1913D, 947, it was said: "We think that an examination of our statutes and decisions on the subject of the wife's right to alimony, and the character of this right as constituting *an interest* in her husband's estate, will demonstrate that it is of such a substantial nature as that she may invoke any remedy known to the law to enforce and protect it." To the same effect the the decisions in the cases of Columbia Mutual Life Insurance Company v. Jones, 160 Miss. 41, 133 So. 149, and Felder et ux. v. Felder's Estate et al., 195 Miss. 326, 13 So. (2d) 823.

But we deem it unnecessary to decide on this appeal the question of whether or not the decree of April 13, 1940, awarding the property to the wife under the circumstances recited in her petition in that behalf, was a valid decree without a previous attachment or other seizure of said property, for the reason that the conclusions which we have reached (1) as to the validity of her purchase of the lot on which the residence is located at the foreclosure sale under the deed of trust, and (2) as to the sufficiency of the plea of estoppel incorporated in the wife's answer to the present suit as against the husband's right to now assert title to either of said lots, will settle all of the controlling principles in the case, if and when the said plea of estoppel shall be sustained by the proof. We therefore pretermit any decision as to the vaidity of the decree of April 13, 1940, awarding all of said property to the wife for her separate maintenance.

In view of the allegations of both the bill of complaint and the answer in the present suit to the effect that the wife was rightfully occupying this property as her homestead at the time of the foreclosure sale under the deed of trust, and at a time when he had provided no domicile or homestead for her elsewhere, we are of the opinion

that her purchase of the lot on which the residence is located when she appeared at the trustees sale was neither inequitable nor without lawful right. The answer alleges that the foreclosure was for his individual debt then long past due, and that it was necessary for her to purchase said property to protect her right to continued residing thereon. The deed of trust authorized the trustee to sell the property to the highest bidder in the event of default in the payment of the indebtedness secured thereby, and the foreclosure proceedings appear in all respects to be regular. The wife here owed her husband no duty to protect his legal title from sale under foreclosure after his default in the payment of the indebtedness due under the deed of trust, or to pay the expenses of the last illness and burial in connection with the death of his mother, which were enforceable against the lot and residence which he had inherited from her, and she had a perfect right to protect her own interest in a place of shelter and abode by purchasing the legal title at the foreclosure sale, assuming that the averments of her answer, which the complainant sought to have stricken by this motion, are true.

In Am. Jur. Vol. 26, p. 737, it is said: ''Although a husband or wife will not be permitted to perpetrate a fraud upon the other spouse through or because of the confidence of the marital relation, yet when there is no fraud, each may purchase at an execution or judicial sale from the other, unless prevented by common law or statutory rule making such a unity of the two in the eye of the law as to preclude the wife from doing business at all, or with her husband.''

The theory of the appellant that his wife was at the time occupying the property as a tenant at will or at sufferance, or as a tenant in common, is in our opinion wholly untenable. The wife was occupying the homestead as a matter of legal right, and not at the will or sufferance of her husband. He could not have dispossessed her without her consent if he had desired to do so. And,

of course, she was not a tenant in common of the property so as to make the rule applicable that the purchase by one tenant in common of the undivided interest of another would enure to the latter's benefit. Nor do the cases have any application here which hold that the wife of a tenant in common cannot purchase the interest of other such tenants in common at a foreclosure or tax sale without the purchase enuring to their benefit. Wherever the husband is disqualified to purchase, so is his wife. For that reason she cannot purchase the property of a ward for whom her husband is guardian. But this does not mean that the wife may not prevent her homestead from being sold to a third person to satisfy an obligation of the husband on which he has made default, and has made no attempt to pay or renew, after he had deserted her.

It is to be conceded that if the wife in the instant case had caused the property here involved to be seized or otherwise brought before the court to satisfy her claim for separate maintenance, she would have been entitled to·have had a lien decreed thereon and the same sold for the satisfaction thereof; and that in such event, she would be clearly entitled to have purchased the same at such judicial sale in order to protect her right to an allowance for separate maintenance against the same.

As to the other contiguous lot which formed a part of the homestead, but which was not described in the deed of trust, we are of the opinion that the facts set up under the plea of estoppel would constitute a sufficient defense to the alleged right of the husband to have the present claim of the wife thereto now cancelled as a cloud upon his title, if and when such facts are established at the trial on a remand of the case.

The answer alleges that when the husband learned that all of this property had been awarded to the wife under the decree of April 13, 1940, he wrote a letter to his aunt, a nearby neighbor of his wife at Booneville,

with the intent and purpose that she should convey to his wife the information therein contained, and that this letter, which was shown to the wife pursuant to the writer's intention in that behalf, made complaint in regard to the matter having been carried to court and stated that it was the intention of the writer that his wife should have the property anyway whether she had filed the suit or not. That this statement, or message, together with the acquiescence by the husband for a long period of time thereafter in the award of this property to his wife for her separate support and maintenance caused her to forego the assertion of any claim to alimony in a suit wherein her husband obtained a divorce at Memphis more than two years later, and that his conduct in that behalf also caused her to forego the taking of any other steps to obtain alimony during the period from April 13, 1940, to the date of the divorce on the 10th day of November 1942. That, therefore, he is now estopped from claiming this property after all of her right to otherwise obtain an award of alimony against him has terminated.

It is well settled that a forbearance of a definite or substantial character which has been intentionally induced by the act of another is binding on such other person if injustice can be avoided only by the enforcement of the assumed position of him who obtained the benefit of such forbearance. Rest. Law on Contracts, Sec. 90, p. 110; Brewer v. Universal Credit Company et al., 191 Miss. 183, 192 So. 902.

Moreover, the appellant, who instituted the present proceeding, has not offered to do full equity toward his wife even if he would thereby be entitled to have the lot restored to him which was not sold to her under the deed of trust.

But whether or not the plea of estoppel set up in the answer is well taken cannot be fully determined until all of the facts in regard thereto have been developed upon a hearing on the bill of complaint, answer and proof.

The decree of the trial court overruling the motion to strike the answer is therefore affirmed and the cause remanded.

Affirmed and remanded.