GLASS *v.* GLASS, et al.

No. 40106          April 2, 1956          86 So. 2d 346

*A. D. Somerville,* Cleveland, for appellant.

*Alexander, Feduccia & Alexander,* Cleveland, for appellees.

HOLMES, J.

The appellant brought this suit in the Second Judicial District of Bolivar County as an attachment in chancery against her husband, Sidney Glass, Sr., and his two sons, Sidney Glass, Jr. and Chester F. Glass, all non-residents of the State of Mississippi and residents of Detroit, Michigan.

She sought recovery as against her husband for separate maintenance and support and attorneys' fees, and sought to have cancelled a certain deed theretofore executed by her husband to his two sons conveying certain of his real property in Bolivar County and alleged to have been executed for the fraudulent purpose of depriving the appellant of her martial rights to maintenance and support, and sought a decree subjecting the lands described in said deed, as well as other real property of her husband in Bolivar County, Mississippi, to the payment of such allowances as might be fixed by the court for her maintenance and support and for attorneys' fees.

The original bill alleged that the appellant and Sidney Glass, Sr. were married on December 18, 1949 and thereafter lived together as man and wife until December 15, 1953, when the appellant's husband deserted her and went to Detroit, Michigan; that her husband had wholly failed to provide for her maintenance and support; that he was the owner of Lot 4 of Block 1 of the original survey of the Town of Mound Bayou, which property was occupied as a homestead by the appellant and her husband until December 26, 1953, when the dwelling on said lot was destroyed by fire from unknown origin; that on December 16, 1952, approximately a year prior to the separation of the appellant and her husband, he conveyed to his two sons, the said Sidney Glass, Jr. and Chester F. Glass, certain real property which he then owned located in Bolivar County, Mississippi, and described as the W½ of the NE¼ of Section 8, Township 23 North, Range 5 West, containing 80 acres, more or less, and Lot 1, excepting therefrom the north 40 feet of the same, in Block 3 of the original town of Mound Bayou, Mississippi; that the aforesaid conveyance executed by the said Sidney Glass, Sr. to his two sons, who were sons of a former marriage, was made for the fraudulent purpose of depriving the appellant of her marital rights to maintenance and support.

Process upon all of the defendants was obtained by publication. The defendant Sidney Glass, Sr. made no appearance. The defendants Sidney Glass, Jr. and Chester F. Glass appeared only by motion to quash the attachment as to them and as to the property described in the aforesaid conveyances. There is no transcript of any evidence in the record. The chancellor entered a decree fixing the amount of the allowance to the appellant for her maintenance and support and attorneys' fees, and ordering the aforesaid Lot 4 sold and subjected to the payment of such allowances, and sustaining the motion to quash the attachment insofar as the same

applied to the property described in the aforesaid conveyance. By appropriate proceedings, said Lot 4 was thereafter sold and the proceeds thereof applied to the the payment of the allowances made to the appellant for attorneys' fees and separate maintenance and support. There is no appeal from the action of the court in subjecting said Lot 4 to the payment of the support money and attorneys' fees. The appellant prosecutes this appeal from the decree of the court sustaining the motion to quash the attachment insofar as the same applied to the property conveyed in the aforesaid conveyance and claimed by Sidney Glass, Jr., and Chester F. Glass.

It is complained by the appellant that the chancellor erred in sustaining the motion to quash the attachment. ■■ ■ We are of the opinion that the chancellor committed no error in sustaining the motion. The property involved in the conveyance was not homestead property. The fee simple title thereto was vested alone in the husband. The deed which he executed to his two sons was for a valuable consideration, namely, $10.00 and the assumption of an encumbrance then existing thereon in favor of the Federal Land Bank. The deed was executed approximately a year prior to the separation of the appellant and her husband. The appellant then had no vested right in the property. Of course, the appellant, prior to the conveyance of the property, if just grounds existed therefor, might have brought a suit in chancery for separate maintenance and support and for the fixation of a lien upon the property for the satisfaction of the decree rendered. Peeler v. Peeler, 199 Miss. 492, 24 So. 2d 338. This, however, was not done and the husband, in the exercise of his legal rights and as the sole owner of the property, conveyed the same to his said two sons. At the time of this conveyance, the wife had no interest in the property such as entitled her to assail the conveyance upon the ground of fraud. This

principle is supported by the prior decision of this Court in the case of Jones v. Summerville, 78 Miss. 269, 28 So. 940.

In that case, Mrs. Jones sought a cancellation of a voluntary conveyance made by her husband a few months before his death to Mrs. Summerville, a daughter of a former marriage, by which he gave her real estate of a value equal to about two-thirds of his entire fortune. It was charged that this conveyance was executed secretly without the wife's knowledge and held by the grantee, Mrs. Summerville, until a day or two after Mr. Jones' death, and was not filed for record until the day of her father's funeral. The Court, in sustaining the conveyance in that case, said: "Under the law now there is no marital interest, actual or inchoate, until the death of the spouse, in the ownership of the property, whether real or personal."

We are, therefore, of the opinion that the learned chancellor was correct in sustaining the motion to quash. This conclusion renders it unnecessary that we deal with other questions raised on this appeal. Accordingly, the decree of the court below is affirmed.

Affirmed.

*Roberds, P.J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.