I respectfully dissent from the majority opinion affirming the granting of a summary judgment, because the lower court denied the plaintiffs the opportunity for discovery. The lower court's ruling is clearly contrary to the law and violates the plaintiff's right of confrontation of witnesses. Plaintiff had specifically requested to take the deposition of the defendant's witness who gave an affidavit which the court then used as a basis for its ruling on qualified immunity.
The amended complaint alleged that the sheriff violated ministerial aspects of his duties "by leaving the jail door unlocked and thereby permitting [an] escape." It was further asserted that the sheriff is charged with duties and responsibilities imposed by statute that are ministerial and not discretionary in nature, and that he was negligent in the administration of those duties. Some of those charges are as follows:
 6. The Defendant [sheriff] and others knew that the said prisoners possessed a history of violence and the commission of violent crimes, were dangerous, prone to escape, and likely to do serious bodily harm to others if allowed or permitted to escape.
 7. The Defendant is negligent per se in violating Miss. Code Ann. § 97-9-39 (Supp. 1986).
 8. The Defendant had a ministerial duty to confine Robert Minnick and James "Monkey" Dyess and failed to perform this duty through his negligence, recklessness, and gross negligence in leaving the jail door unlocked and thereby permitting the two prisoners to escape from the jail undetected.
The majority has affirmed the lower court's finding that the sheriff is entitled to the protection of qualified immunity because the securing of prisoners is a discretionary function. I disagree. To reiterate the often-repeated rule of Poyner v.Gilmore, 171 Miss. 859, 158 So. 922 (1935):
 While no inflexible rule can be laid down for determining in every case whether or not an act of a public officer is ministerial or judicial, "The most important criterion, perhaps, is that (if) the duty is one which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion," the act in discharge thereof is ministerial.
(emphasis added)
The duties of a sheriff with regard to the securing of prisoners is clearly specified by law, as the plaintiff pointed out in the response to the motion for summary judgment. Miss. Code Ann. § 19-25-69 (1972) provides:
 The sheriff shall have charge of the courthouse and jail of his county, of the premises belonging thereto, and of the prisoners in said jail. . . .
 Miss. Code Ann. § 19-25-35 (1972) further provides that:
 He shall take into his custody, and safely keep, in the jail of his county, all persons committed by order of either of said courts, or by any process issuing therefrom, or lawfully required to be held for appearance before either of them.
Finally, Miss. Code Ann. § 19-25-75 (1972) provides: *Page 926 
 If the jail be insufficient or if there be danger of escape . . . of any prisoner therein, . . . or if the sheriff or jailer shall have any person or persons lawfully in his custody and there be danger of . . . escape . . . it shall be the duty of the sheriff or jailer to summon a sufficient guard to protect and secure such prisoner . . . so long as the same may be necessary and no longer. . . .
In Marshall v. Chawla, 520 So.2d 1374 (Miss. 1988), this Court wrote, "[t]he legislature may, by prescribing specific duties of individual state employees, implicitly create tort liability for breaches of them resulting from gross negligence." The laws of this state explicitly provide a penalty for sheriffs who either wilfully or negligently fail to properly secure those prisoners in their custody. This further contradicts the notion that this is a discretionary duty whereby the veil of immunity is pierced only by malice, willfulness or an abuse of discretion.
As Miss. Code Ann. § 97-9-39 (Supp. 1986) provides:
 If any sheriff . . . shall suffer any person lawfully committed to his custody to escape and go at large, either willfully or negligently; . . . he shall, upon conviction, be punished by imprisonment in the county jail not exceeding one (1) year, or by fine not exceeding One Thousand Dollars ($1,000).00, or both. (emphasis added)
Moreover, in Shattuck v. State, 51 Miss. 575 (1875), this Court stated:
 [W]herever an escape is shown, the law implies negligence on the part of the sheriff into whose custody the prisoner has been placed, and it is not necessary for the state to prove negligence to procure a conviction; that when the escape has been shown to the satisfaction of the jury, of a prisoner in the custody of the sheriff, the jury should find him guilty unless he has shown, to their satisfaction, that such escape was caused by the act of God, or other irresistible adverse force, for this defense alone can avail the sheriff in such case; and that the insecurity of the jail constitutes no defense.
51 Miss. at 580.
In less often-quoted language from Poyner v. Gilmore, 158 So. at 923, this Court also stated:
 [t]hat a necessity may exist for the ascertainment, for personal knowledge or by information derived from other sources, of those facts or conditions, upon the existence or fulfillment of which, the performance of the act becomes a clear and specific duty, does not operate to convert the act into one judicial in nature. Such, it is said, is not the judgment or discretion which is an essential element of judicial action.
The Poyner Court observed that "a sheriff must determine whether process coming into his hands for service, is issued from a court of competent jurisdiction and is regular on its face . . . but the execution of the process . . . [is a] ministerial act."Id. By the same token, it may be said that while it may have been within the sheriff's discretion to determine whether, based on the information available to him, Minnick and Dyess were dangerous, once that determination was made, the act of keeping them under lock and key was a ministerial duty.
The trial court further determined that the sheriff owed no duty to the public. If we are to accept this premise, to whom does he owe a duty? As the plaintiff indicated in the response to the motion for summary judgment, other jurisdictions have found that such a duty does, indeed, exist. In Cansler v. State,675 P.2d 57 (Kan. 1984), the Kansas Court stated:
 The State also had a duty, in this day of modern communication, to notify area residents by some prearranged signal — siren, bell, whistle, prompt news release to local media, or some other method — as soon as a major escape such as this was known to prison officials, it further had a duty to notify area law enforcement officials promptly through the usual police communication channels. These would include telephone, radio, teletype or computer communications to surrounding law enforcement agencies. Radio dispatchers *Page 927 
for those various agencies could then notify the officers on duty immediately. We conclude that Cansler has adequately alleged a duty on the part of the State, a breach thereof, and a causal connection between the breach of that duty and the injuries and damages sustained.
675 P.2d at 66.
Plaintiff further cites Ryan v. State, 656 P.2d 597 (Ariz. 1982), in which a prisoner escaped from incarceration due to negligence of the defendant, robbed a convenience store, and shot the plaintiff, Ryan, with a sawed-off shotgun. The defendants moved for a summary judgment on the basis that the allegations of the complaint failed to give rise to a duty owed the plaintiff individually, rather, the duty was to the public as a whole. The Arizona Supreme Court rejected this contention and observed:
 We shall no longer engage in the speculative exercise of determining whether the tort-feasor has a general duty to the injured party, which spells no recovery, or if he had a specific individual duty which means recovery (citations omitted). Thus, the perimeters of duty owed by the state will ordinarily be co-extensive with those owed by others.
656 P.2d at 599.
Likewise, the Restatement (Second) of Torts, § 319, states:
 One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.
Further, on March 8, 1990, prior to the motion for summary judgment being heard, but while the motion for protective order had been granted, plaintiff's counsel urged the court, by filing his MRCP Rule 56(f) affidavit that the facts concerning the liability of the defendant were known only to hostile witnesses and witnesses identified and in close association with the defendant; that the plaintiffs were unable to procure affidavits to oppose defendant's affidavits; and that, although discovery had been sought by the plaintiffs, the court had stayed and held in abeyance pending its ruling on the motion for summary judgment, filed only on the basis of the alleged qualified immunity of the defendants. He therefore urged the court to allow discovery to obtain the evidence and facts to justify the opposition to said motion. The granting of the protective order effectively precluded the plaintiff his right to confront the defendant's witness, who gave an affidavit in support of the defendant's position, which the court considered. This witness happened to be one from whom the plaintiffs attempted to take a discovery deposition but were precluded from so doing.
The trial court was in error in not allowing any discovery and rendering the summary judgment on the issues. It should have considered it as a MRCP Rule 12(b) motion and determined first if the complaint stated a cause of action. It is this writer's opinion that the complaint did state a cause of action and, therefore, the court should have allowed discovery or limited discovery to be obtained from the hostile witnesses of the defendant, or witnesses that are closely associated with the defendant. Plaintiff gave notice in December of 1989 to take the depositions of one of the affiants, J.C. Denham, a deputy sheriff, who was readily amenable to give an affidavit in support of the defendant's motion to dismiss. However, the plaintiff could not take his deposition to even confront the general statement made in the affidavit.
Plaintiff has followed MRCP Rule 56(f) by filing an affidavit and listing areas with the facts that he surmises to be in opposition to the motion for summary judgment; however, because the defendant's motion for protective order was granted and discovery was not allowed by the plaintiff of even those witnesses friendly to the defendant, all being hostile to the plaintiff, the plaintiff was precluded from doing any discovery to oppose said motion. A motion for summary judgment is based on the pleadings and any affidavits, depositions and other forms of evidence relevant to the merits of the challenged claims or defenses *Page 928 
available at the time the motion is made. The movant is responsible to see that there are no genuine issues of any material facts and that he is entitled to a judgment on the merits as a matter of law. Brown v. Credit Center,444 So.2d 358 (Miss. 1984). The allegations in the amended complaint clearly show that these were ministerial acts on the part of the sheriff, that he had charge of the premises, that it was his duty to see that these prisoners were incarcerated, and, further, knowing them to be violent prisoners, it was his duty to notify the public of an escape once one occurred. These were certainly enough material facts to have this matter go forward to the jury, or at least to allow limited discovery by the plaintiffs to obtain said facts. Further, once the affidavits were filed, the plaintiff should have been allowed to take the depositions of those witnesses involved, particularly in view of the fact the defendant called them in support of his motion.
I, therefore, respectfully dissent and state that the motion for summary judgment should have been denied, and that the matter should be remanded to the trial court for further discovery and trial.
DAN M. LEE, P.J., and SULLIVAN, J., join this dissent.