**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 97-CA-01016-SCT**

*JEREMY D. BREWER*

*v.*

*ANNA L. BURDETTE AND PASS CHRISTIAN SEPARATE SCHOOL DISTRICT*

**ON MOTION FOR REHEARING**

| | |
|---|---|
| DATE OF JUDGMENT: | 8/1/97 |
| TRIAL JUDGE: | HON. JOHN H. WHITFIELD |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BILL WALLER, SR. |
| ATTORNEYS FOR APPELLEES: | ALBEN N. HOPKINS |
| | JESSICA UPSHAW |
| | DAVID E. WILSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 10/12/2000 |
| MOTION FOR REHEARING FILED: | 4/28/99 |
| MANDATE ISSUED: | 11/2/2000 |

**EN BANC.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is granted. The original opinion is withdrawn, and these opinions are substituted therefor.

¶2. This case involves an accident at a school. Jeremy D. Brewer claims that Pass Christian Separate School District was negligent in its construction and maintenance of the parking lot and abutting improvements at the Delisle Elementary School. Brewer further claims that obstructions on the school ground created an unreasonable, hazardous and dangerous condition for both motorists using the parking lot driveway and attempting to enter onto Wittman Road and motorists traveling south on Wittman Road. We examine the question whether the claim is barred by the exemption provisions of the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § § 11-46-1 et seq. (Supp. 1999). We conclude that it is not so barred. Accordingly, we reverse the judgment of the circuit court and remand to that court for further proceedings.

**I.**

¶3. On April 24, 1997, Jeremy D. Brewer ("Brewer"), filed a complaint against Anna L. Burdette ("Burdette") and Pass Christian Separate School District ("PCSD"), alleging they were jointly and severally liable for Brewer's damages arising from an automobile collision between Brewer and Burdette on October

4, 1996.

¶4. On that day, Brewer was operating his motorcycle south on West Wittman Road in the City of Pass Christian. Burdette drove her 1984 Chevrolet automobile out of the PCSD's Delisle Elementary School parking lot on to West Wittman Road. Brewer crashed into the left side of Burdette's vehicle with his body coming to rest inside her vehicle. Brewer's body was extricated from the interior of the car with the help of the "jaws of life." Brewer received extensive injuries including the loss of his right leg. He is now permanently disabled and disfigured.

¶5. On May 28, 1997, the PCSD filed a Motion for Protective Order and to Hold Future Discovery in Abeyance in conjunction with a Motion to Dismiss on the grounds that PCSD was a political subdivision entitled to absolute immunity from suit pursuant to Miss. Code Ann. § 11-46-9 (Supp. 1999). On May 30, 1997, Burdette filed an answer and counterclaim for negligence against Brewer.

¶6. A hearing was held in the Circuit Court of Harrison County on PCSD's Motion to Dismiss following which that court dismissed Brewer's suit with prejudice. Brewer and Burdette settled their claims. Brewer appeals to this Court asserting that the circuit court erred in dismissing his action against PCSD. He argues that PCSD waived the provisions of the MTCA because it acquired liability insurance coverage and that, in any event, PCSD is not exempt for the activity here complained of under the act.

## II.

### A.

¶7. As the incident in question occurred on October 4, 1996, after the effective date of the Mississippi Torts Claim Act, this case is governed by this Court's recent pronouncement in *L.W. v. McComb Separate Mun. Sch. Dist.*, 754 So. 2d 1136, 1143-45 (Miss. 1999), with regard to the insurance waiver theory. There this Court held that Miss. Code Ann. § 11-46-17(4) allows for the purchase of insurance by a sovereign which then covers claims in excess of the amounts set by Miss. Code Ann. § 11-46-15 (Supp. 1998) to the extent of the policy. *Id.* at 1144-45. That statute, however, does not prescribe a waiver of the application of the MTCA altogether. The claim is subject to the other requirements and limitations of the act. *Id.* at 1145. It is necessary then that we address the question whether this cause of action should survive a M.R.C.P. 12(b)(6) motion to dismiss on the basis of the MTCA.

### B.

¶8. The trial court granted PCSD's M.R.C.P. 12(b)(6) motion to dismiss on the basis that PCSD had absolute immunity in exercising a discretionary function within the meaning of the MTCA.

¶9. This Court's standard of review is well established. The scope of review of an M.R.C.P. 12(b)(6) motion is that the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. *Overstreet v. Merlos*, 570 So. 2d 1196, 1197 (Miss. 1990); *Grantham v. Mississippi Dep't of Corrections*, 522 So. 2d 219, 220 (Miss. 1988); *Lester Eng'g Co. v. Richland Water & Sewer Dist.*, 504 So. 2d 1185, 1187 (Miss. 1987); *Stanton & Assocs., Inc. v. Bryant Constr. Co.*, 464 So. 2d 499, 505 (Miss. 1985). This Court employs the same standard on appeal in determining whether a trial court's granting a motion to dismiss was error. *McFadden v. State*, 542 So. 2d 871, 874-75 (Miss. 1989).

¶10. Brewer argues that the trial court should not have granted PCSD's 12(b)(6) motion to dismiss. Brewer argues that the MTCA does not grant PCSD immunity because the maintenance of Delisle Elementary School's driveway is a ministerial, not discretionary, function.

¶11. The MTCA provides governmental entities with absolute immunity if those agencies are performing a discretionary function. Miss. Code Ann. § 11-46-9(1)(d)(Supp. 1999). The MTCA defines a "school district" as a "political subdivision" and a "governmental entity." Miss. Code Ann. § 11-46-1(g)(i) (Supp. 1999). A duty is discretionary if it requires the official to use her own judgment and discretion in the performance of that duty. *T.M. ex rel. E.N.M. v. Noblitt*, 650 So. 2d 1340, 1343 (Miss. 1995) (citing *Poyner v. Gilmore*, 171 Miss. 859, 158 So. 922, 923 (1935)).

¶12. This Court has had recent opportunities to consider the discretionary function of governmental entities in more detail. *L.W.*, 754 So. 2d at 1139-43; *Jones v. Mississippi Dep't of Transp.*, 744 So. 2d 256, 259-64 (Miss. 1999); *Lang v. Bay St. Louis/Waveland Sch. Dist.*, No. 97-CA-01612-SCT, 1999 WL 250977 ¶ 33 (Miss. 1999).

¶13. In *L.W.*, this Court held that maintaining a safe environment and properly supervising students are within the sphere of a school's discretionary function. 754 So. 2d at 1141. However, this Court further stated that immunity for such duties or functions will only be granted when that governmental entity exercises ordinary care. *Id.* at 1142 (citing Miss. Code Ann. § 11-46-9 (Supp. 1999)). In *L.W.*, a student was sexually assaulted on school grounds by another student, after being threatened by that student in the presence of the school's detention teacher. This Court stated that although the school's duty to provide a safe environment is discretionary, the school must exercise that discretionary duty with ordinary care for a grant of absolute immunity. *Id.* This Court held that because the school did not take reasonable steps to minimize risks, which is one way to provide a safe school environment, sovereign immunity was inapplicable as an absolute bar to L.W.'s case. *Id.*

¶14. In *Lang*, this Court reversed the trial court's judgment of dismissal. There, this Court found that the school district has a statutory duty to maintain school facilities. 1999 WL 250977 at *8 ¶ 33. Specifically, Miss. Code Ann. § 37-7-301(d) (1998) states that the school board has "the responsibility for the erection, repairing and equipping of school facilities and making the necessary improvements." Also, the school board's duty is "[t]o be the custodians of real and personal school property and to manage, control and care for the same." Miss. Code Ann. § 37-7-301(c) (1998). There, this Court stated that although the duty was mandated by statute, whether ordinary care, was in fact, exercised is a question for the trial court, sitting without a jury to decide. *Id.* In *Lang*, this Court concluded that Lang could prove a set of facts to support her claim that she was owed a duty, the breach of which should incur liability. *Id.* at *9 ¶ 37.

¶15. Similarly, Brewer has alleged a set of facts that support a claim that he was owed a duty. Brewer argues that Pass Christian Separate School District is liable because obstructions on the school ground created a hazardous and dangerous condition that was negligence on part of Pass Christian School District. Brewer asserted facts in his claim that may be used to determine whether PCSD exercised ordinary care in performing its discretionary function. Brewer argues that there are some major obstructions that prevented the drivers of the two vehicles from seeing each other at the time so as to avoid the collision. Brewer's complaint alleges that the obstructions that obscured the driver's view were a large Delisle Elementary School sign, hedge, a metal fence, a utility pole, and other vegetation. Also, Brewer asserts that failing to have proper warnings, speed signs and other devices to warn motorists of the existence of PCSD's

driveway is a dangerous and hazardous condition. Brewer's complaint asserts that these things created an unreasonable and hazardous condition for motorists using the parking lot driveway and attempting to enter Wittman Road.

¶16. Pass Christian argues that the express language of Miss. Code Ann. § 11-46-9 (Supp. 1999) states that the "determination of whether or not to seek or provide the resources necessary for the purchase of equipment, the construction or **maintenance of facilities**, the hiring of personnel and, in general, the provision of adequate governmental services" is an "exercise of discretion." (emphasis added). The short answer to this contention is that there is no claim here regarding the provision of resources.

¶17. PCSD points out that this Court has ruled that "road maintenance and repair are discretionary rather than ministerial functions . . . ." *Mohundro v. Alcorn County*, 675 So. 2d 848, 854 (Miss. 1996) (citations omitted). Further, this Court has ruled that "whether or not to erect a barricade or some other type of warning device" was discretionary. *Id.*, (citations omitted). Whatever may be the duties of those in charge of our public streets and roads however, parking lots on school property are a different matter. *Lang*, 1999 WL 250977 at *8 ¶ 33.

¶18. Moreover, characterizing the duty as discretionary alone does not end the inquiry of whether PCSD has absolute immunity. It must be determined whether PCSD has exercised ordinary care in both not erecting signs or warnings on the approaches to the driveway and in its construction and maintenance of the parking lot and abutting improvements at the Delisle Elementary School.

¶19. The issue of ordinary care is a fact question. *L.W.*, 754 So. 2d at 1142; *Lang*, 1999 WL 250977, at *8 ¶ 33; *see* Miss. Code Ann. § 11-46-13(1) (Supp. 1999). The trial court, confronted with all the relevant facts, should then under our law, decide whether those responsible used ordinary care as required by the statute. *Id*.

¶20. The trial court's dismissal turned on whether PCSD had absolute immunity in performing a discretionary duty. Our precedents in *Lang* and *L.W.* dictate that we reverse and remand for further proceedings.

### III.

¶21. For the foregoing reasons, the judgment of the Harrison County Circuit Court granting PCSD's motion to dismiss is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

¶22. **REVERSED AND REMANDED.**

> **PRATHER, C.J., McRAE, MILLS, COBB AND DIAZ, JJ., CONCUR. PITTMAN, P.J., CONCURS IN RESULT ONLY. SMITH, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., MILLS AND COBB, JJ. WALLER, J., NOT PARTICIPATING.**

> **SMITH, JUSTICE, CONCURRING:**

¶23. Although I agree with the majority's holding and result, it is my view that the majority does not fully explain why Pass Christian Separate School District's reliance on Miss. Code Ann. Section 11-46-9(1)(g)

(Supp. 2000) is misplaced. Pass Christian reads Section 11-46-9(1)(g) to mean that a governmental entity should be immune under the discretionary function for the construction or maintenance of facilities. This, however, is not the correct interpretation, as this Court fully discussed in *Lang v. Bay St. Louis/Waveland Sch. Dist.*, No. 97-CA-01612-SCT, 1999 WL 250977 (Miss. April 29, 1999).

¶24. Section 11-46-9(1)(g) provides that a governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim "[a]rising out of the exercise of discretion in determining *whether or not to seek or provide the resources necessary* for the purchase of *equipment, the construction or maintenance of facilities*, the hiring of personnel and, in general, the provision of adequate governmental services." Miss. Code. Ann. § 11-46-9(1)(g) (Supp. 2000) (emphasis added). However, as *Lang* points out, it is Section 11-46-9(1)(b), rather than Section 11-46-9(1)(g), that governs the facts in the present case. *Lang*, 1999 WL 250977 at *7.

¶25. This Court held in *Lang* that while Section 11-46-9(1)(g) provides that the school district is immune for certain policy decisions such as the amount of money to allocate for certain projects and activities, it does not immunize the school district for failure to fulfill its statutory obligations. *Id.* The school board has the responsibility for erecting, repairing, equipping school facilities and for making necessary school improvements. Miss. Code Ann. § 37-7-301(d) (Supp. 2000). Another specified duty of the school board as declared by the Mississippi Legislature is "[t]o be the custodians of real and personal school property and to manage, control and care for same. . . ." Miss. Code Ann. § 37-7-301(c) (Supp. 2000).

¶26. This Court held in *Lang*:

> Section 11-46-9(1)(b) provides the school district and its employees are protected from liability while performing or failing to perform such statutory duties so long as ordinary care is exercised. Whether ordinary care was, in fact, exercised is a question for the trial court, sitting without a jury, to decide.

*Id.* at *8 (citing Miss. Code Ann. § 11-46-13(1) (Supp. 1998)). In the case at bar, Pass Christian, per Section 37-7-301(d), had a statutory duty to maintain the parking lot and abutting improvements at the Delisle Elementary School. As the majority correctly holds, it is for the trial court to decide whether those responsible used ordinary care as required by statute in order to determine whether the Pass Christian Separate School District is immune from liability.

**PITTMAN, P.J., MILLS AND COBB, JJ., JOIN THIS OPINION.**