ILLINOIS CENT. R. CO. *v.* WRIGHT.*

(Division B.    April 7, 1924.    Suggestion of Error Overruled May 26, 1924.)

[100 So. 1.    No. 23637.]

1. WATERS AND WATER COURSES.  Railroad's failure to provide passage-
   *way for water held not proximate cause of injury.*
   Where owner of land adjacent to railroad's right of way permitted
   creek, constituting a natural drain of his land on other side of
   right of way, to become filled with logs and debris, the rail-
   road was not liable for damage to crops on such owner's land
   on other side of the right of way, by reason of its failure to
   provide a passageway for the water across right of way, since
   such failure on the part of the railroad was not the proximate
   cause of the injury, inasmuch as the drainage would have been
   obstructed by owner's own failure to keep ditch open, even if
   railroad had provided for adequate drainage across its right of
   way.

2. NEGLIGENCE.  *"Proximate cause" of injury.*
   Nothing can be deemed the "proximate cause" of an injury, unless
   had it not happened, the injury would not have occurred.

---

*Headnote 1.  Waters, 40 Cyc, p. 583;  2.  Negligence, 29 Cyc,
p. 489.

APPEAL from circuit court of De Soto county.
HON. GREEK L. RICE, Judge.
Action by F. R. Wright against the Illinois Central
Railroad Company.  Judgment for plaintiff, and de-
fendant appeals.  Reversed and judgment rendered.

*May, Sanders, & McLaurin,* for appellant.

The peremptory instruction requested by defendant
should have been given:
(a)  The wrong complained of consists in what is
termed an original or permanent injury, if any, giving
rise to a cause of action by the owner of the land at the
time the culvert was constructed in 1860.  The appellee,

as purchaser of the land in 1910 took the land subject to a condition which was fixed and permanent. 8 R. C. L., secs. 44 and 93; *Board of Directors* v. *Barton,* 133 Am. St. Rep. 191; *City of Richmond* v. *Gentry,* 136 Am. St. Rep. 255; *Am. Locomotive Co.* v. *Hoffman,* 128 Am. St. Rep. Note beginning at page 957; *Powers* v. *Council Bluffs,* 24 Am. Rep. 792; *Chicago & Eastern R. Co.* v. *Loeb,* 59 Am. Rep. 341; *Boise Valley Cons. Co.* v. *Kroeger,* 28 L. R. A. (N. S.) 968. The facts in the instant case bring it squarely within the principles announced by the various courts above.

As was said in the case of *Board of Directors* v. *Barton, supra,* no cause of action ever existed in favor of this appellee. He bought the land in its damaged condition, if it was damaged, and presumably the price he paid was fixed with reference to this condition. The culvert had been in existence for sixty years and was obvious to the appellee when he bought the land and when he planted his crops.

(b) If the plaintiff ever had a cause of action, he had it in 1910, when he bought the land, because there has been no change in the condition of the culvert since his purchase. He claimed in his declaration that his land was permanently injured. If it was permanently injured, it was because of that which was done more than ten years prior to the time of the commencement of this action. The plaintiff testified that he bought this land in 1910, and the record shows that he commenced this action in 1922, and whether the six or ten years statute of limitation is applicable, his cause of action is barred. For this reason the peremptory instruction should have been granted.

(c) The plaintiff in his declaration claimed that his land was permanently injured because of alleged improper construction of the culvert. The plaintiff's witness, McClesky, civil engineer, testified that the culvert was improperly constructed, because it was lower than the land on the west side of the railroad. The plaintiff,

to support his claim for permanent injury to the land, testified over the defendant's objection, to his estimate of damage to his crop. Plaintiff elected to sue for permanent injury to the land. To support that claim, if actionable injury was shown, proof should have been adduced of the value of the land before the injury, and its value after the injury. There is no evidence at all in the record to support this claim. The plaintiff wholly failed to make out his case on this, and the peremptory instruction should have been given; or at most, if plaintiff was entitled to anything he was entitled only to nominal damages.

(d) The testimony for both the plaintiff and the defendant showed that the railroad culvert was ample to carry the water conducted to it by the drainage ditch on the plaintiff's land east of the railroad, but that the ditch on the plaintiff's land west of the railroad was wholly inadequate and insufficient, and that this condition of the plaintiff's ditch caused the overflow. The witnesses estimated the plaintiff's west side ditch as being anywhere from one to five feet higher than the bottom of the culvert, and that what should have served as a ditch, from the culvert out, was in effect a dam to prevent the flow of the water.

The admitted situation is that the flow of water is from east to west and that from the east line of its right of way to a point within fifteen or twenty feet of the west line of its right of way the railroad company had provided a channel amply sufficient for the passage of water, but that this channel had largely filled up for the last (west) fifteen or twenty feet of the distance across the right of way. From the west side of the right of way westward the land belongs to the plaintiff, and exactly the same obstruction to the passage of water exists on that land two or three hundred feet as exists on the west twenty feet of the right of way.

The trial court instructed the jury, in effect, that the railroad company was liable for having failed to pro-

vide a passageway for the water the entire width of the right of way, even though no passage for the water existed beyond the right of way. It is our view that the error in the charge of the learned trial judge is manifest upon a consideration of recognized principles of law.

One principle is that a particular act is never the proximate cause of a condition or result where such condition would have come about if the particular act had never occurred. 1 Thomp. Neg., sec. 56. "Where several proximate causes contribute to an accident and each is a sufficient cause, without the operation of which the accident would not have happened, it may be attributed to all or any of the causes; but it cannot be attributed to a cause unless, without its operation, the accident would not have happened." *Ring* v. *Cohoes,* 77 N. Y. 83; *Erghott* v. *New York,* 96 N. Y. 282; *Pa. R. Co.* v. *Aspell,* 23 Pa. St. 147; *Trow* v. *Vermont Cent. R. Co.,* 24 Vermont 487; *M. & O. R. Co.* v. *Nynum* (Miss.), 15 So. 795; *Railroad* v. *Maxwell,* 126 Tenn. 328.

*Wells, Stevens & Jones* and *Francis Harmon,* for appellee.

I.    The Plaintiff has a Good Cause of Action. The leading case on this entire subject is *Sinai* v. *The Railroad Company,* 71 Miss. 547. See, also, *Canton Railroad Company* v. *Paine,* 19 So. 199; *Mississippi Central Railroad* v. *Carruth,* 51 Miss. 77; *Railroad Company* v. *Wilbourn,* 74 Miss. 278; *A. & V. Railroad* v. *Daniels,* 108 Miss. 68; *Thompson* v. *Railroad Company,* 104 Miss. 658; *Yazoo & Mississippi Valley Railroad Co.* v. *James* (1918), 79 So. 65.

II. The company negligently failed to properly ditch the twenty feet of right of way at the emptying end of the culvert, thus allowing a natural dam at that point to stop the flow of water through the culvert and throw back the water upon the growing crops of the plaintiff to the east.

It is vigorously insisted by the appellant that the plaintiff was likewise negligent in failing to properly ditch his land west of the right of way. This item is easily disposed of. Assume that the plaintiff had ditched his land from the bridge where it touches the right of way to the full width of this western strip. It matters not how deep the ditch; it matters not how wide the canal was constructed, so long as the intervening twenty feet between the mouth of the culvert and the beginning of such a ditch or canal on the plaintiff's land remained filled with five feet of soil and debris unditched and undrained, this twenty-foot barrier would serve most effectively as a dam. The company was under a duty to properly drain its own lands and the proximate cause of plaintiff's injury was clearly the improper maintenance of the culvert five feet too deep and the existence of the twenty-foot dam at its mouth.

Upon neither of these causes did plaintiff have the slightest control in the world. It was impossible for him to raise the culvert; he had no legal right to go on the right of way and ditch the twenty feet owned by the company, extending from the mouth of the culvert to the plaintiff's own land, and unless and until this twenty-foot obstruction was properly cared for, nothing that the plaintiff could do on his land to the west would remedy the situation. The effort, therefore, to cast the burden on the plaintiff must be unavailing. From the Mississippi cases cited it is clear beyond successful contradiction, that the plaintiff has a good cause of action and that his case was properly limited to recovery for injury done to growing crops. The decisions in other states are in accord with our own. *Stith* v. *L. & N. Railroad Company,* 109 Ky. 168, 58 S. W. 600; *Bourdier* v. *Morgan's Railroad Company,* 35 La. Ann. 947; *Baltimore Company* v. *Hackett,* 87 Md. 224, 39 Atl. 510.

III. The Plaintiff's Right of Action as set Forth in his Declaration, and as Tried before the Jury, is not Barred by any Statute of Limitations. Appellant in its brief fails

to distinguish between injuries of a permanent and of a recurrent nature. The gravamen of the plaintiff's charge is that growing crops were injured, as the result of the negligence of the defendant, and this was the issue which, under specific instructions from the judge, was submitted to the jury, and this was the only issue on which evidence was taken. It is perfectly clear that when an injury is of such a character, the statute of limitations does not begin to run, at the time of the construction of the road bed, or of the culvert. The general rule is laid down by Farnham on "Water and Water Rights," Volume 3, page 2676. See, also, *L. & N. Railroad Company* v. *Cornelius*, 64 S. W. (Ky.) 732; *Mayor of Nashville* v. *Comer*, 88 Tenn. 415, 7 L. R. A. 465; *Railroad Co.* v. *McCoy*, 113 Ind. 498, 16 N. E. 395; *Ohio Railroad Company* v. *Dooley*, 32 Ill. App. 228.

IV.    The Peremptory Instruction Asked for by the Defendant was Rightfully Refused. *Patterson* v. *I. C. Railroad Company*, 29 So. 93; *Y. & M. V. R. Co.* v. *Davis*, 73 Miss. 678, 32 L. R. A. 264; *Railroad Company* v. *Wilbourn*, 74 Miss. 289; *Canton Railroad Company* v. *Paine*, 19 So. 200.

*May, Sanders & McLaurin*, for appellant, in reply.

We contend for the appellant, and believe that the record shows without dispute, that the drainage ditch on the appellee's land west of the railroad was filled up to the extent that it was several feet higher than the bottom of the culvert under the railroad, thus effectually damming the flow of water through the culvert. The appellee seeks to answer this contention, and waives it aside as trivial, by the contention that the drainage ditch on the right of way between the western end of the culvert and the appellee's drainage ditch, was filled up just like the appellee's ditch and that it was incumbent upon the railroad company to anticipate that the appellee would furnish adequate drainage, and in anticipation clear out this part of the ditch.

The obvious answer to that contention is that the railroad company when constructing its railroad through the appellee's farm and in maintaining the drainage, was under no duty to open or keep open the drain beyond the culvert in excess of the carrying capacity of the plaintiff's drainage ditch with which the ditch on right of way connects. It would have been a vain and a futile thing then for the railroad company to open the ditch beyond the culvert to connect up with a point where the appellee's drainage ditch should have been, but was not, because it had filled up to a point where the bottom of the said ditch on plaintiff's land was several feet higher than the bottom of the appellant's culvert. The plaintiff is never entitled to recover where the proof shows that the proximate cause of his injury is his own neglect.

COOK, J., delivered the opinion of the court.

This cause is before this court on an appeal by the Illinois Central Railroad Company from a judgment of the circuit court of De Soto county, based on the verdict of a jury awarding the plaintiff, F. R. Wright, the sum of two thousand dollars as compensation for damage done to crops growing upon lands adjacent to the right of way of said railroad company, the declaration in said cause averring, among other things, that in the construction and maintenance of its railroad embankment the defendant had disregarded the fact that this embankment obstructed the drainage of plaintiff's lands, and that it had for many years negligently and willfully failed to provide the necessary culverts and other means for the water accumulating on said lands to pass underneath the tracks of said defendant so that the same might be quickly and finally disposed of through the channel provided by nature. The facts necessary to be stated are, in substance, as follows: At the point where the damage is alleged to have occurred the railroad runs north and south across a valley in which there was a natural drain or creek running from

the east to the west. The railroad embankment was constructed across this valley so that it obstructed the natural drainage of the area to the east of the railroad, and, to meet this situation, the railroad company at the time of throwing up this embankment, about the year 1860, constructed under the embankment a brick culvert ten feet wide and nine and one-half feet high. In the year 1911, the appellee purchased the land lying in this valley on both sides of the railroad. The land purchased by the appellee which lies on the eastern side of the railroad consists of four hundred and nine acres, lying in the valley which runs eastward from the railroad, and running across this land to the brick culvert are two ditches, one leading from the northern slope of the valley, and the other from the southern slope. The land purchased by the appellee on the western side of the railroad consists of seventy-four acres which lies in a long, narrow strip, about three-fourths of a mile long, and two hundred or three hundred yards wide, and from the western end of the culvert across this strip of land there meanders a creek which is the natural drainage of this part of the valley.

On account of the gradual filling of the land in this valley, as well as the creek which drains westward from the culvert, the bed of this creek, both on the right of way and west thereof, is now five or six feet higher than the bottom of this culvert, and as a consequence mud and water stands in the culvert to the same level as the bottom of the ditch beyond. This leaves only about three or four feet of the top of the culvert which serves as drainage, and as a result, in times of rain, the water is dammed up at the east end of the culvert, and backs up and spreads over a portion of appellee's land to the east of the railroad; thereby damaging the crop growing thereon. The railroad right of way is one hundred feet wide, the culvert sixty feet long, and the distance from the western mouth of the culvert to the western edge of the right of way is twenty feet. The testimony is practically

undisputed that the level of the bottom of the ditch across this twenty feet from the mouth of the culvert to the western edge of the right of way is five or six feet higher than the bottom of the culvert, while the level of the bottom of the ditch west of the right of way and on and across appellee's land is practically the same, and that this elevation of the bottom of the ditch acts as a dam at the western mouth of the culvert; thereby causing the culvert to fill up to the same level, leaving only the top portion of the culvert to function.

There are many questions discussed in the briefs of counsel which, under our view of this case, it will be unnecessary to consider. The appellee contends that the proximate cause of the injury and damage was the filling of the ditch in the space intervening between the mouth of the culvert and the western edge of the right of way, and the trial court instructed the jury, in effect, that the railroad company was negligent in failing to provide passageway for the water the entire width of the right of way, even though no passage for the water existed beyond the right of way, and that it was liable for any damage resulting from its failure in this regard.

The flow of water across this right of way is from east to west, and it is undisputed that the drainage from the east line of the right of way to the western end of the culvert is adequate if the flow of water was not obstructed west of that point. While it is conceded that the ditch on the right of way west of the culvert has filled until the level of the bottom thereof is several feet above the bottom of the culvert and that this obstructs the water at the mouth of the culvert, yet practically the same condition exists in the creek west of the right of way. The land west of the right of way is owned by the appellee, and the ditch which affords an outlet for this drainage across this land is filled with logs and debris, and the level of the bottom thereof is practically the same as that of the portion of the ditch which is on the right of way. If the ditch across the western part of the right of way should

be opened to the depth of the culvert, it would only remove the obstruction or dam to the line of appellee's property and would not afford the desired relief. If the culvert and ditch on the right of way are to remain open and function properly, it is manifest that corresponding drainage must be provided across the lands of appellee, and, until that is done, we do not think the appellant is required to do the useless thing of opening the ditch on the right of way to a depth below the level of the drainage beyond. If the railroad company had provided a clear passage for the water the entire width of its right of way, we think the same results would have followed on account of the obstruction created by appellee's land west of the right of way, and, this being true, the failure of the railroad company to open this ditch cannot be held to be the proximate cause of the injury to appellee's crops, since "nothing can be deemed the proximate cause of an injury unless, had it not happened, the injury would not have occurred." 1 Thompson Neg., section 56. When the appellee has removed the obstructions existing on his own land and provided an adequate outlet thereon, a corresponding duty will rest upon the railroad company, but the act of the company in failing to provide a clear passage for the water was not an act "without which the damage would not have occurred," and we think the peremptory instruction requested by the appellant company should have been granted.

The judgment of the court below will therefore be reversed, and judgment entered here for the appellant.

*Reversed, and judgment for appellant.*