CAIN v. CITY OF JACKSON.

(Division A. Jan. 29, 1934. Suggestion of Error Overruled Mar. 12, 1934.)

[152 So. 295. No. 30917.]

S. C. Broom and W. A. Shipman, both of Jackson, for appellant.

98

W. E. Morse, of Jackson, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an action brought by the appellant, Mrs. Zoola E. Cain, against the city of Jackson to recover damages alleged to have resulted from water overflowing her premises, which lie on and along the banks of Rocky Branch creek, a natural watercourse which flows under South Gallatin street of said city. The negligence charged was the alleged failure of the said city to provide and maintain a sufficient and adequate outlet under South Gallatin street, one of the paved public streets of the city, to care for the flood waters flowing into and down this stream at times of heavy and excessive rains. Upon instructions defining the rights and duties of the city with reference to drainage or outlets under the said street, the jury returned a verdict in favor of the city, and from the judgment entered this appeal was prosecuted, the errors assigned being alleged errors in granting instructions requested by the appellee and refusing certain instructions requested by appellant.

The evidence fully supports the allegations as to the flooding of the premises by backwater from this creek. Under the paved street known as Gallatin street, the city had provided what is called a double-barrel culvert, one culvert having an opening of thirty-five square feet and the other, thirty-seven and eight-tenths square feet. Certain civil engineers testified that the double-barrel method of construction of these culverts was proper from

an engineering standpoint, on account of the necessity of having a center wall to support the bridge above. They further testified that, according to approved formulas, the area of the openings provided thereby was more than sufficient to take care of the drainage of the entire area which drained in this creek, but admitted that the center wall or connection between the culverts would have a tendency to obstruct the passage of logs, shrubs, trees, and debris through the culverts; and that culverts so constructed, with a partition or dividing wall, would be more likely to collect such obstructions and partially fill up than would one culvert of the size of the two. There was evidence to the effect that the Illinois Central Railroad Company also maintains a culvert further down this stream, which has an opening of only thirty-two square feet, and that it settled a claim against it for damages to the appellant's property, caused by the insufficiency of its culvert, and the jury was instructed that, if it found from the evidence that appellant's injury and damages were caused solely by the insufficient outlet under the tracks of said railroad, they should return a verdict for the city.

At the request of the appellee city, the court instructed the jury, first, that the city was only required to provide a sufficient outlet to take care of the water of the stream in question on all occasions except at times of unprecedented rainfall, or when logs or debris clogged said outlet; and, second, that the city was not liable for damages for obstructions or debris in said stream which were not placed there by it, even though such obstructions or debris may have caused the stream to flood the property of appellant. The two instructions embodying this announcement are assigned as error.

The stream in question provided drainage for a large area adjacent thereto, and when the appellee city constructed across this stream a paved street, and a bridge, the foundation of which obstructed the natural flow of

water in the stream, it was under the duty to provide adequate outlets or culverts under this street to care for such rainfall as might be reasonably expected from past experience, and it is not sufficient that the outlets provided in the first instance were adequate, but it must at all times exercise reasonable care to maintain the sufficiency and adequacy of such outlets. City of Vicksburg v. Porterfield, 164 Miss. 581, 145 So. 355.

There was evidence, oral and photographic, showing the accumulation of a large quantity of logs, trees, and debris in the mouths or openings of these culverts which would tend to greatly obstruct the flow of water through them. It was a question to be determined by the jury, under proper instructions, whether these culverts so obstructed provided adequate drainage, and, if not, whether the city used ordinary care to keep them free from obstructions and in condition to afford adequate drainage. Since the city placed the foundations of its bridge and paved way in the bed of this stream, and was, therefore, under the duty to provide and maintain adequate outlets for the water that was accustomed to flow in the stream, it was not relieved of its duty to keep these outlets free from obstructions, and adequate for the purpose, by reason of the fact that the obstructions and debris which accumulated at the mouth of the culverts and obstructed the flow of water were not placed there by the city. We think, therefore, that the two instructions referred to above were erroneous and prejudicial.

It was said in the argument that the court below was led to grant these instructions by reason of the holding of this court in the case of Illinois Central Railroad Co. v. Wright, 135 Miss. 435, 100 So. 1. On its facts the Wright case is clearly distinguishable from the case at bar. All that was held in the Wright case was that, under the particular facts, the failure of the railroad company to maintain adequate drainage across its right of

way was not the proximate cause of the injury to the adjacent property, "inasmuch as the drainage would have been obstructed by the owner's own failure to keep the ditch open, even if the railroad had provided for adequate drainage across its right-of-way."

For the errors indicated in the instructions, the judgment of the court below will be reversed, and the cause remanded.

Reversed and remanded.