CITY OF MERIDIAN *v*. SULLIVAN.

In Banc. April 24, 1950.

No. 37477 (45 So. (2d) 851)

Dunn & Singley, for appellant.

[Content redacted]

Gerald Adams and M. V. B. Miller, for appellee.

## Hall, J.

The city appeals from a judgment against it in the sum of $1,500.00 for damages alleged to have been caused to appellee's property because of the diversion of drainage water upon it. The declaration was in one count and charged that the city had changed the course of a natural drain or small branch which crosses appellee's property and which also crosses two of the city streets, one on each side of her property, through box culverts constructed by the city; that appellee had constructed a box culvert across her property, connecting with those of the city on either side; that the city broke a large hole in appellee's culvert and negligently failed to keep its own culverts free from obstructions, as a consequence of which large quantities of water were caused to flow through said hole and upon the surface of appellee's property to the extent that much of the soil was swept away, the fences destroyed, and the dwelling and outhouses undermined and damaged.

Before the trial the city made a motion to either dismiss the action or require plaintiff to elect which of the three separate and inconsistent causes of action she would stand upon. She withdrew the allegation that the course of the stream had been changed, and the trial court overruled the motion as to that which then remained in the declaration. That action is the basis of appellant's first contention for reversal, and, in this connection, it is argued that the declaration still contained two separate and independent causes of action in one count, viz., the city's trespass in breaking the large hole in the top of appellee's culvert, and its negligence in failing to keep its own culverts free of obstruction. It is well to bear in mind that our statute only requires that a declaration "contain a statement of the facts constituting the cause of action, in ordinary and concise language, without repetition; and if it contains sufficient matter of substance for the court to proceed upon the merits of the

cause, it shall be sufficient." Section 1464, Mississippi Code of 1942. While the entry upon appellee's land and the breaking of a hole in her culvert would give rise to a cause of action for nominal damages and a small amount of actual damages necessary to repair the culvert, which damages were not claimed in the declaration, the gravamen of the complaint is that because of this large hole the water was diverted from the culvert onto appellee's land when the city negligently failed to keep its own culverts free from obstructions. It is at once apparent that if the city kept its culverts open there was no way for water to flow through the top of appellee's culvert and damage her property to the extent shown by the record here, but when the city's culverts became obstructed and prevented the flow of water through them, the water was compelled to escape through the hole and flood appellee's land. Thus it is seen that the obstruction of the city's culverts increased the damage flowing from the breaking of the hole in appellee's culvert, and the two acts concurrently contributed to appellee's single claim for damages. Since both acts combine to make up one complete result, and since the result could not have been attained without the concurrence of both acts, we are of the opinion that the ruling of the trial court was correct and this is made patent when consideration is given to the fact that appellant's motion was to require appellee to elect one of these acts and discard the other as the basis for her cause of action.

The principal complaint of appellee is that the waters which flooded her place rushed through with such force as to wash the mortar from the brick pillars which supported the house, breaking one of them in two, and ponded underneath the house to the extent that the foundation was caused to sink in places as a result of which the floor sagged out of line so completely that the doors and windows will have to be re-hung and the wall paper replaced after the pillars are rebuilt and the floor brought to a level. A real estate appraiser for

the federal government, familiar with land values in Meridian, was offered as a witness for appellee and testified that he had recently inspected the house and he was asked the question that if the house in 1942 and 1943 was in a fair state of repair, and its floors were not out of line, and the pillars were all right, what would have been its fair market value, and over objection of appellant he replied that it would have been about $5,500.00 to $6,000.00, but that in its present condition it is worth about $2,000.00. The overruling of the city's objection to this testimony is assigned as error. This witness had already testified that the market value of such property in that vicinity was stable from 1942 up to the time of the trial. Since he was familiar with values we do not think that his testimony was improper or that the trial court in overruling the objection thereto committed such error as to require a reversal.

██ █ Appellant next contends that it was entitled to a directed verdict. There was abundant evidence to sustain the allegations of the declaration. The proof for appellee showed that the hole was broken in her culvert by the city authorities about the year 1943, that thereafter the city failed to keep its culverts clear of obstructions, and that as a result thereof the water was caused to boil out of this hole to such extent that the soil was washed away to a depth of six or seven feet over a space large enough to hold an automobile truck, and that this water flowed thence to appellee's dwelling house and undermined it to the extent heretofore stated. Some of this evidence was not seriously denied, and we are of the opinion that the question whether the city's alleged negligence proximately caused or contributed to appellee's damage was one for decision by a jury. Fewell v. City of Meridian, 90 Miss. 380, 43 So. 438, 9 L. R. A., N. S., 775; Cain v. City of Jackson, 169 Miss. 96, 152 So. 295; City of Vicksburg v. Porterfield, 164 Miss. 581, 145 So. 355, and authorities therein cited.

We have carefully considered the other assignments pertaining to the granting of instructions to appellee and the refusal of instructions requested by appellant, and we find no error in these several actions of the trial court. Moreover, we cannot hold upon the record here presented that the verdict is contrary to the great weight of the evidence, and the judgment is accordingly affirmed.

Affirmed.