RANDOLPH, Justice,
Dissenting:
¶ 28. According to the circuit court, “[wjhen to repair, how to repair, where to repair, and how much money to spend on repairs are all decisions better left to the city governments of this state.” In my opinion, the circuit court’s conclusion, upheld by the Majority, is overbroad and misconstrues the plain language of Mississippi Code Section 21-27-189(b). (Maj. Op. at ¶ 26). Therefore, I respectfully dissent.
¶ 29. Under Section 21 — 27—189(b), there is no question that the City had the discretionary authority “[t]o construct, operate and maintain sewage systems.... ” Miss. Code Ann. § 21-27-189(b) (Rev.2007). Stated otherwise, the City was empowered to engage in such activities by itself, or to defer such functions to the private sector. This decision was indeed discretionary. But there is a vast difference between the statutorily supported discretion to engage in such activities, and the practical, mundane, day-to-day operation and maintenance actions which arise after the exercise of such discretion, to which the statute does not speak. For example, does the City have the discretion to decline to take water samples to determine its fitness for *1205 consumption? Can the City refuse to stop raw sewage from entering its water supply? May the City simply decline to replace a broken water main on High Street? Once the City exercises its discretionary “powers and authority” to “construct, operate and maintain[,]” it is then incumbent that its employees exercise concomitant duties in operation and maintenance. Miss.Code Ann. § 21-27-189(b) (Rev. 2007). Such duties are neither exclusively discretionary nor ministerial. Instead, a case-by-case analysis is appropriate.
¶ 80. Following the adoption of the Mississippi Tort Claims Act (“MTCA”), this Court considered a factually analogous case in which Internal Engine Parts Group (“Engine Parts”) sought damages “for alleged acts of negligence and breach of contract against the City of Jackson for property damage sustained during a period of heavy rainfall and flooding.” City of Jackson v. Internal Engine Parts Group, Inc., 903 So.2d 60, 62 (Miss.2005). Engine Parts maintained that the flood damage it sustained was caused by a nearby drainage ditch, maintained by the City, “that was filled with pre-existing debris and materials which obstructed the flow of water.” Id. This Court addressed “[w]hether the City was negligent for failing to inspect and maintain the drainage ditch, and consequently allowing a dangerous condition to exist.” Id. at 64 (emphasis added). In affirming the circuit court’s judgment in favor of Engine Parts, this Court stated that “Section 11-46-9 is the applicable statute to determine the immunity of the City, and § 11-46-9 fails to establish such immunity.” Id. at 62, 64. Both the circuit court and the Majority attempt to distinguish Internal Engine by arguing that, unlike the operation and maintenance of a sewage system, the neglected maintenance of a drainage ditch is not made discretionary by statute. (Maj. Op. at ¶ 12). But as noted in ¶ 29 supra, the City’s obligations in operation and maintenance of a sewage system are not automatically rendered discretionary by Section 21-27-189(b). Therefore, I would find that Internal Engine is in direct conflict with the Majority’s holding, and that it supports reversing the circuit court’s entry of summary judgment on behalf of the City.[6]
¶ 31. In some instances, the City’s operation and maintenance actions will involve “an element of choice or judgment” which implicates “social, economic or political policy alternatives.” Bridges v. Pearl River Valley Water Supply Dist., 793 So.2d 584, 588 (Miss.2001) (citing Jones v. Miss. Dep’t of Transp., 744 So.2d 256, 260 (Miss.1999)). For example, the municipality’s annual budgeting meetings addressing system improvements would likely be discretionary. As the circuit court stated, “[tjhis [cjourt will not mandate which particular sewage pipes the City should fix, and what amount of monies it should expend on its sewage repair.” But such logic does not authorize the City to operate and maintain the sewage system in place with unfettered discretion “and without rigid *1206 guidelines.” (Maj. Op. at ¶24). Surely, many day-to-day operation and maintenance decisions can be ministerial.[7] See ¶ 29 supra (examples provided). The Majority’s approach paints with too broad a brush, foreclosing the possibility that any (not one) of the City’s operation and maintenance decisions involving its sewage system may be ministerial. (Maj. Op. at ¶ 12) (“the City’s obligation to operate and maintain its sewage system is ... made discretionary by statute.”).
¶ 32. In conclusion, the circuit court erred in granting summary judgment on the “one-size-fits-all” basis that Section 21-27-189(b) rendered discretionary all of the City’s operation and maintenance decisions. In so concluding, I pass no judgment on the cause and/or forseeability of the backflow of raw sewage at issue, i.e., whether that result was precipitated by an “act of God” (the heavy rainfall), the disrepair of a homeowner’s cleanout, a blockage in the homeowners’ service lines and the City’s main sewer line, and/or surface water entering the sewer lines through cracks. But if the City’s operation or maintenance of the sewage system is implicated as a cause, then the circuit court must consider whether the surrounding actions of the City were discretionary or ministerial. That issue cannot be resolved by Section 21-27-189(b), such that summary judgment predicated thereon was improper. Therefore, I respectfully dissent.
LAMAR, KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.

. Moreover, prior to the adoption of the MTCA, this Court repeatedly held municipalities liable for the negligent maintenance of drains and sewage systems. See City of Meridian v. Bryant, 232 Miss. 892, 895, 100 So.2d 860, 861 (1958) (affirming judgment against the City of Meridian for water damage to the Bryants' property resulting from the City permitting debris to accumulate around nearby storm sewers, noting that "the tendency of drains to become obstructed must be kept in view, and ... the situation must be remedied from time to time so as to maintain adequate drainage in each case”); City of Meridian v. Sullivan, 209 Miss. 61, 68-69, 45 So.2d 851, 852-53 (1950) (affirming judgment against the City of Meridian for water damage to Sullivan’s property resulting from the City breaking a large hole in Sullivan's culvert and “negligently failing] to keep its own culverts free from obstructions ... ”).

. This Court has stated that if:
the duty is one which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer’s judgment or discretion, the act and discharge thereof is ministerial.
Collins v. Tallahatchie County, 876 So.2d 284, 289 n. 9 (Miss.2004) (quoting Miss. Dep’t of Transp. v. Cargile, 847 So.2d 258, 267-68 (Miss.2003)).